IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES EUGENE MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:19-CV-694-RAH-KFP |
| | ) | (WO) |
| | ) | |
| M. SPENCER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Pursuant to 42 U.S.C. § 1983, Plaintiff Charles Eugene Moore ("Moore"), a state prisoner, filed this lawsuit claiming he was subjected to the use of excessive force at Kilby Correctional Facility. This matter is currently before the Court on the Report and Recommendation ("Recommendation) of the United States Magistrate Judge that the Defendants' Motion for Summary Judgment (Doc. 19) be denied with respect to Moore's excessive force claim against Defendants Maurice Spencer and Caronce Bryant in their individual capacities and granted with respect to all other claims, including those claims against Defendant Karla Jones. On June 27, 2022, Moore filed Objections (Doc. 33) to the Magistrate Judge's Recommendation (Doc. 32).

The Court has conducted an independent and *de novo* review of those portions of the Recommendation to which objection is made. *See* 28 U.S.C. § 636(b). Upon this Court's review and consideration of the arguments set forth in the Objections, the Court agrees with the Magistrate Judge's findings and analysis.

## THE STANDARD

When a party objects to a magistrate judge's report and recommendation, the district court must review the disputed portions de novo. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). De novo review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). If the party does not object to specific factual findings, the court reviews them only for clear error. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

## DISCUSSION

The Court has carefully reviewed the record in this case, the Recommendation of the Magistrate Judge, and Moore's objections.  Moore asserts that "summary judgment should be avoided" with respect to the claim of excessive force against Defendants Spencer and Bryant. (Doc. 33 at 2.) To the extent Moore asserts claims of excessive force against Defendants and Bryant in their individual capacities, the Court agrees.

The Court notes that the Magistrate Judge recommended the setting of an evidentiary hearing in this case.  Moore, however, clearly demanded a jury trial in his Complaint (Doc. 1) filed on September 19, 2019.  Consequently, this Court will set a jury trial with respect to the excessive force claim against Defendants Spencer and Bryant in their individual capacities.

## CONCLUSION

Accordingly, it is

ORDERED as follows:

1. With respect to the claims set forth in the Complaint and amendments thereto, the United States Magistrate Judge's Recommendation (Doc. 32) is ADOPTED;

2. To the extent Moore objects to the Recommendation, the Objections are OVERRULED;

3. The Motion for Summary Judgment as to the Moore's claims seeking monetary damages from the Defendants in their *official* capacities on the excessive force claim be GRANTED and these claims are DISMISSED with prejudice because they are entitled to absolute immunity from such damages.

4. The Motion for Summary Judgment on behalf of Warden Jones on the Plaintiff's claim for respondeat superior lodged against her in her individual capacity is GRANTED and this claim DISMISSED.

5. Defendant Warden Jones be DISMISSED as a party to this action.

6. The Motion for Summary Judgment on behalf of the Defendant Correctional Officers Spencer and Bryant as to the Plaintiff's excessive force claims lodged against them in their *individual* capacities is DENIED.

7. This case shall be set for a jury trial on the Moore's surviving excessive force claim presented against Defendants Spencer and Bryant for monetary damages in their individual capacities.

DONE, on this the 11th day of July, 2022.

        /s/ R. Austin Huffaker, Jr.
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE